**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| HARLEYSVILLE INSURANCE COMPANY, An Ohio Corporation; and HARLEYSVILLE WORCESTER INSURANCE COMPANY, an Ohio Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> BOSTON FISH MARKET, INC., an Illinois Corporation; and CHRISTINE SLOWINSKI; <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )   Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs HARLEYSVILLE INSURANCE COMPANY, An Ohio Corporation; and

HARLEYSVILLE WORCESTER INSURANCE COMPANY, an Ohio Corporation, by and

through their attorneys, MEAGHER & GEER, P.L.L.P., state the following as their Complaint for

Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, against Defendants,

BOSTON FISH MARKET, INC., an Illinois corporation, and CHRISTINE SLOWINSKI:

**<u>Introduction</u>**

1.      This is a Declaratory Judgment action to obtain a declaration of the rights and

obligations under commercial liability insurance policies that were issued by Plaintiffs to Boston

Fish Market, Inc.

2.      Plaintiffs seek a declaration from this Court that they owe no obligation under the

respective policies to defend and/or to indemnify Boston Fish for the allegations directed against

it in the First Amended Class Action Complaint filed in the Chancery Division of the Circuit

Court of Cook County, Illinois, under case no. 2021 CH 003963, titled, *Christine Slowinski,*

*individually and on behalf of all others similarly situated v. Boston Fish Market, Inc. and*

*Caputo's New Farm Produce, Inc. d/b/a Angelo Caputo's Fresh Markets*. (the "Underlying Suit" or "Underlying Complaint"). (A copy of the Underlying Complaint is attached as <u>Exhibit A</u>.)

**Jurisdiction and Venue**

3.      Plaintiff, Harleysville Insurance Company ("HIC"), is an insurance company incorporated under the laws of the state of Ohio, with its principal place of business in Columbus, Ohio. HIC was authorized to issue policies of insurance in the state of Illinois.

4.      Plaintiff, Harleysville Worcester Insurance Company ("HWIC"), is an insurance company incorporated under the laws of the state of Ohio, with its principal place of business in Columbus, Ohio. HWIC was authorized to issue policies of insurance in the state of Illinois.

5.      Defendant, Boston Fish Market, Inc. ("Boston Fish"), is a corporation organized under the laws of the state of Illinois, with its principal place of business located in Des Plaines, Illinois. Boston Fish is the named insured under the subject insurance policies issued by Plaintiffs and at issue in this coverage action.

6.      Defendant, Christine Slowinski ("Slowinski"), is a citizen of Illinois and resides in Schaumberg, Illinois. Plaintiffs name Slowinski as a potentially interested party by virtue of her status as a named plaintiff and purported class representative in the underlying suit. No affirmative relief is sought against Slowinski.

7.      Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between the Plaintiffs, on the one hand, and Defendants, Boston Fish and Slowinski, on the other; and (b) the amount in controversy, including the potential cost of defending and indemnifying Boston Fish in the Underlying Suit well exceeds $75,000.

8.      Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this lawsuit occurred in the Northern District of Illinois, including the location where Boston Fish maintains its principle place of business, where Slowinski alleges she sustained her injury, where the underlying lawsuit is pending, and where the subject policies were issued.

9.      An actual justiciable controversy exists between Plaintiffs, on the one hand, and Boston Fish, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## The Underlying First Amended Class Action Complaint

10.     On December 13, 2021, Slowinski filed her First Amended Class Action Complaint ("Slowinski's Complaint") in the Underlying Suit directed against two defendants, Caputo's New Farm Produce, Inc. ("Caputo's") and Boston Fish.  (*See* Exhibit A.)  The allegations of Slowinski's Complaint are all premised on allegations of consumer fraud arising from Slowinski's purchase of a fish fraudulently mislabeled as "Red Snapper" when it, in fact, was not Red Snapper.  *Exhibit A*.

11.     Slowinski's Complaint contains three counts, all of which are directed against both defendants:  Count I alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1, *et seq*.].  Count II alleges Common Law Fraud.  Count III alleges Unjust Enrichment.

12.     The allegations of Slowinski's Complaint do not distinguish between Boston Fish and Caputo's, except for identifying Caputo's as the store where she purchased the falsely labeled

Red Snapper. Slowinski alleges that Boston Fish "advertise[s], market[s], sell[s] and distribute[s] fish throughout Illinois."

13.    Slowinski's Complaint alleges that, on May 19, 2021, she "purchased a fish labeled, marketed and sold as 'Red Snapper' from Caputo's" for "$11.99 per pound." Slowinski's Complaint alleges that, upon preparing the fish, she began to suspect that the fish was not Red Snapper, and subsequent DNA testing of the subject fish carcass confirmed that the fish either Lane Snapper (*Lutijanus synagris*) or Spotted Rose Snapper (*Lutjanus guttatus*).

14.    Slowinski's Complaint alleges that Boston Fish was engaged in "an intentional, deceitful practice" of falsely labeling, marketing and selling its fish product as Red Snapper with knowledge that it was not.

15.    Slowinski's Complaint alleges that Boston Fish's fraudulent conduct was performed with the intent that others rely upon the misrepresentations and "with the intent to induce Plaintiff to purchase the Products."

16.    Slowinski's Complaint seeks damages in the form of restitution and actual damages, injunctive relief enjoining Defendants from false labeling in the future, and a judicial declaration that Defendants violated the ILCFA , and punitive damages.

17.    Slowinski's Complaint seeks to certify a class defined as "all persons within the United States who purchased the Products within five years prior to the filing of the Complaint."

### The HIC Commercial General Liability Policy

18.    HIC provided Boston Fish with a Commercial General Liability ("CGL") Policy, policy no. MPA0000004031BE, effective May 1, 2021 through May 1, 2022. The CGL coverage affords general liability limits of $1,000,000 per occurrence with a $2,000,000 general aggregate

limit. (A copy of the CGL Policy is attached hereto and made a part hereof as <u>Exhibit B</u>.) The

relevant terms of the CGL Policy include the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Please read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II –** Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Please refer to Section **V** – Definitions.

**SECTION I** – **COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**
   b. This insurance applies to "bodily injury" and "property damage" only if:
      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

[*replaced by Coverage Form CG-7251 Ed. 9-04 "General Liability Enhancement Endorsement – Illinois", § 1 – see below.*]

\* \* \*

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** " Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\* \* \*

**COVERAGE B — PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

(2)  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2.  Exclusions**

This insurance does not apply to:

**a.  Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b.  Material Published With Knowledge Of Falsity**

[*replaced by Coverage Form CG-7251 Ed. 9-04 "General Liability Enhancement Endorsement – Illinois", § 12. – see below.*]

* * *

**g.  Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

* * *

**SECTION V – DEFINITIONS**

**1.**  "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.**  Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.**  Regarding web-sites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

[. . .]

**3.** "Bodily injury" [*replaced by Coverage Form CG-7251 Ed. 9-04 "General Liability Enhancement Endorsement – Illinois", § 13. – see below.*]

[. . .]

**14**. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** [*§ b. is replaced and replaced by Coverage Form CG-7251 Ed. 9-04 "General Liability Enhancement Endorsement – Illinois", § 17.a. – see below.*];

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** [*§ d. was amended and replaced by Coverage Form CG-7251 Ed. 9-04 "General Liability Enhancement Endorsement – Illinois", § 12 – see below.*];

**e.** [*§ e. was amended and replaced by Coverage Form CG-7251 Ed. 9-04 "General Liability Enhancement Endorsement – Illinois", § 12 – see below.*];

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

**21.** "Your product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

       **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

       **(2)** The providing of or failure to provide warnings or instructions.

  **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

  **a.** Means:

       **(1)** Work or operations performed by you or on your behalf; and

       **(2)** Materials, parts or equipment furnished in connection with such work or operations.

  **b.** Includes:

       **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

       **(2)** The providing of or failure to provide warnings or instructions.

\* \* \*

19.    The following relevant endorsements were included as part of the CGL Policy:

**CG-7251**
**(Ed. 9-04)**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**GENERAL LIABILITY ENHANCEMENT ENDORSEMENT - ILLINOIS**

**1. EXPECTED OR INTENDED INJURY**

Exclusion a. of Section I – Coverage A is replaced by the following:

a. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\* \* \*

**12. ADVERTISING INJURY REDEFINED**

Paragraphs 14. d. and e. of Section V – Definitions are amended by the following:

1. Personal and advertising injury means injury including consequential "bodily injury" arising out of one or more of the following offenses:

  d. Oral, written, televised or videotaped publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

  e. Oral, written, televised or videotaped publication of material that violates a person's right to privacy;

Paragraphs b. and c. of 2. Exclusions under Coverage B – Personal and Advertising Injury Liability are replaced by the following:

b.   "Personal and advertising injury" arising out of oral, written, televised or videotaped publication of material, if done by or at the direction of the insured with knowledge of its falsity;

\* \* \*

**13. MENTAL ANGUISH – BODILY INJURY REDEFINED**
The definition of "bodily injury" in Section V – Definitions is replaced by the following:
"Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.

\* \* \*

**17. PERSONAL INJURY – BROAD FORM**

a.   Paragraph 14. b. of Section V – Definitions is replaced by the following:
b.   Malicious prosecution or abuse of process;

\* \* \*

## The HWIC Commercial Umbrella Liability Policy

20.    HWIC issued to Boston Fish a Commercial Liability Umbrella Policy No. CMB0000004030BE, effective May 1, 2021 to May 1, 2022 ("Umbrella Policy"). The Umbrella Policy has an $8 million limit per occurrence limit, an $8 million personal and advertising injury limit, and an $8 million aggregate limit. (A copy of the HWIC Umbrella Policy is attached hereto and made a part hereof as <u>Exhibit C</u>.)

21.    The relevant terms of the HWIC Umbrella Policy include:

## COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

\* \* \*

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1.  Insuring Agreement**
   **a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted.

When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend. But:

**(1)** The amount we will pay for the "ultimate net loss" is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B.** No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.a.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

**q. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\* \* \*

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. At our discretion, we may investigate any offense that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend. But:

     **(1)** The amount we will pay for the "ultimate net loss" is limited as described in Section **III** – Limits Of Insurance; and

     **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B.**

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

   **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**

   This insurance does not apply to:

   **a.** "Personal and advertising injury":

     **(1) Knowing Violation Of Rights Of Another**

       Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

     **(2) Material Published With Knowledge Of Falsity**

       Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

* * *

**(7) Quality Or Performance Of Goods – Failure To Conform To Statements**

Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

* * *

## SECTION V – DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

   a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

   b. Regarding websites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

   * * *

3. "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

   * * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

**18.** "Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

**24.** "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

\* \* \*

**27.** "Your product":

   **a.** Means:

      **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

         **(a)** You;

         **(b)** Others trading under your name; or

         **(c)** A person or organization whose business or assets you have acquired; and

      **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   **b.** Includes:

      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

      **(2)** The providing of or failure to provide warnings or instructions.

   **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**28.** "Your work":

   **a.** Means:

      **(1)** Work or operations performed by you or on your behalf; and

      **(2)** Materials, parts or equipment furnished in connection with such work or operations.

   **b.** Includes:

      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

      **(2)** The providing of or failure to provide warnings or instructions.

**Boston Fish's Tender to Plaintiffs**

22.    On or about January 5, 2022, Boston Fish tendered to Plaintiffs the defense of Christine Slowinski's First Amended Class Action Complaint.

23.    On or about February 3, 2022, Plaintiffs notified Boston Fish that Harleysvill had reviewed the applicable Policies and determined that there was no defense or indemnity coverage in connection with Slowinski's Complaint directed against Boston Fish, and requested that Boston Fish withdraw its tender.

24.    On or about March 16, 2022, Boston Fish's coverage counsel notified Plaintiffs that Boston Fish would not withdraw its tender.

**COUNT I – DECLARATORY JUDGMENT**
**(Harleysville CGL Policy)**

25.    Harleysville Insurance Company ("HIC") repeats and realleges the allegations in Paragraphs 1 through 24 as though fully set forth herein as paragraph 25.

26.    "Bodily injury" is defined in the CGL Policy as "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time." Slowinski's Complaint does not allege any bodily injury, sickness or disease and, therefore, does not potentially fall within the scope of bodily injury coverage under Coverage A of the CGL Policy.

27.    Slowinski's Complaint does not allege that the fraudulent product label caused either physical injury to tangible property or the loss of use of tangible property that is not physically injured and, therefore, Slowinski's Complaint does not potentially fall within the scope of property damage coverage under Coverage A of the CGL Policy.

28.    In addition and in the alternative, Coverage A, Exclusion a. is titled, "Expected or Intended Injury," which precludes coverage for bodily injury or property damage that is

"expected from the standpoint of the insured." Slowinski's Complaint is premised on allegations that Boston Fish acted with the intent to deceive and defraud its customers by mislabeling its fish product. Accordingly, this exclusion applies and precludes coverage for Slowinski's Complaint under Coverage A of the CGL Policy.

29.     In addition and in the alternative, Coverage A, Exclusion n, titled "Recall of Products, Work or Impaired Property," which precludes coverage under Coverage A where the "damages claimed for any loss, cost or expense incurred by [] others for the loss of use, withdrawal, recall, inspection, *** replacement, *** removal or disposal of [y]our product *** if such product is withdrawn or recalled *** from use by any person *** because of a known or suspected defect, deficiency [or] inadequacy *** in it." Slowinski's Complaint alleges that she incurred pecuniary damages arising from her suspicion and subsequent knowledge that the fish product she purchased was inadequate as it was lesser quality species of fish than Red Snapper. Accordingly, this exclusion applies and precludes coverage for Slowinski's Complaint under Coverage A of the CGL Policy.

30.     Slowinski's Complaint does not allege any injury that potentially falls within any of the enumerated categories of offenses set forth in the CGL Policy's definition of "personal and advertising injury" and, therefore, HIC owes no duty to provide defense or indemnity coverage for Slowinski's Complaint under Coverage B of the CGL Policy.

31.     In addition and in the alternative, Coverage B, Exclusion a. is titled, "Knowing Violation of Rights of Another," which precludes coverage for personal and advertising injury that is "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" Slowinski's Complaint alleges that Boston Fish knowingly caused the subject fish to be mislabeled as Red Snapper while

knowing that this would violate Slowinski's "legally protected interest to obtain and true and accurate information about her consumer products", as well as the putative class members' protected interest to choose the type and quality of products they ingest." Accordingly, this exclusion applies and precludes coverage for Slowinski's Complaint under Coverage B of the CGL Policy.

32. In addition and in the alternative, Coverage B., Exclusion b. is titled, "Material Published With Knowledge of Falsity," which precludes coverage for personal and advertising injury arising out of oral or written publication of material, "if done by or at the direction of the insured with knowledge of its falsity." Slowinski's Complaint is premised on allegations that Boston Fish knew the products it sold and labeled as Red Snapper were not in fact Red Snapper. Accordingly, this exclusion applies and precludes coverage for Slowinski's Complaint under Coverage B of the CGL Policy.

33. In addition and in the alternative, Coverage B., Exclusion g. is titled, "Quality or Performance of Goods – Failure to Conform to Statements," which precludes coverage for personal and advertising injury arising out of "the failure of goods, products or services to conform with any statement of quality or performance made in your 'advertisement.'" Slowinski's Complaint alleges that the fish purchased by Slowinski failed to conform to Boston Fish's label that misidentified its product as Red Snapper when it was a fish of lesser quality than Red Snapper. Accordingly, this exclusion applies and precludes personal and advertising injury coverage for Slowinski's Complaint under Coverage B of the CGL Policy.

34. HIC specifically denies any and all liability under the terms and provisions of the aforementioned CGL Policy of insurance issued to Boston Fish and insists that it is not obligated to defend or indemnify any judgment entered against Boston Fish in the

Underlying Class Action Suit and, by reason of such demand, HIC is in peril and in danger of loss unless the policies of insurance be properly construed and the rights of all parties hereto determined in this action.

35.     An actual controversy exists between HIC and Boston Fish, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, the plaintiff, HARLEYSVILLE INSURANCE COMPANY, respectfully prays that this Honorable Court:

A.     Determine and adjudicate the rights and liabilities of the parties hereto with respect to the HIC Commercial General Liability Policy No. MPA0000004031BE;

B.     Declare that HIC owes no duty to defend or indemnify Boston Fish under the HIC Commercial General Liability Policy, in connection with the Underlying Suit;

C.     Declare that  HIC owes no duty to defend or indemnify Boston Fish under the subject CGL Policy with respect to the underlying Slowinski Class Action; and

D.     Any and all other relief that this Court deems just and equitable under the facts and circumstances.

## COUNT II – DECLARATORY JUDGMENT
### (Harleysville Worcester Commercial Liability Umbrella Policy)

36.     Harleysville Worcester repeats and realleges the allegations in Paragraphs 1 through 35 as though fully set forth herein as paragraph 36.

37.     "Bodily injury" is defined in the CGL Policy as "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time." Slowinski's Complaint does not allege any bodily injury, sickness or disease and, therefore, does

not potentially fall within the scope of bodily injury coverage under Coverage A of the Umbrella Policy.

38.     Slowinski's Complaint does not allege that the fraudulent product label caused either physical injury to tangible property or the loss of use of tangible property that is not physically injured and, therefore, Slowinski's Complaint does not potentially fall within the scope of property damage coverage under Coverage A of the Umbrella Policy.

39.     In addition and in the alternative, Coverage A, Exclusion a. of the Umbrella Policy is titled, "Expected or Intended Injury," which precludes coverage for bodily injury or property damage that is "expected from the standpoint of the insured."  Slowinski's Complaint is premised on allegations that Boston Fish acted with the intent to deceive and defraud its customers by mislabeling its fish product.  Accordingly, this exclusion applies and precludes coverage for Slowinski's Complaint under Coverage A of the Umbrella  Policy.

40.     In addition and in the alternative, Coverage A, Exclusion q, of the Umbrella Policy titled "Recall of Products, Work or Impaired Property," precludes coverage under Coverage A where the "damages claimed for any loss, cost or expense incurred by [] others for the loss of use, withdrawal, recall, inspection, *** replacement, *** removal or disposal of [y]our product *** if such product is withdrawn or recalled *** from use by any person *** because of a known or suspected defect, deficiency [or] inadequacy *** in it."  Slowinski's Complaint alleges that she incurred pecuniary damages arising from her suspicion and subsequent knowledge that the fish product she purchased was inadequate as it was lesser quality species of fish than Red Snapper. Accordingly, this exclusion applies and precludes coverage for Slowinski's Complaint under Coverage A of the Umbrella Policy.

41.     Slowinski's Complaint does not allege any injury that potentially falls within any of the enumerated categories of offenses set forth in the Umbrella Policy's definition of "personal and advertising injury" and, therefore, HWIC owes no duty to provide defense or indemnity coverage for Slowinski's Complaint under Coverage B of the Umbrella Policy.

42.     In addition and in the alternative, Coverage B, Exclusion a.(1) of the Umbrella Policy is titled, "Knowing Violation of Rights of Another," which precludes coverage for personal and advertising injury that is "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"  Slowinski's Complaint alleges that Boston Fish knowingly caused the subject fish to be mislabeled as Red Snapper while knowing that this would violate Slowinski's "legally protected interest to obtain and true and accurate information about her consumer products", as well as the putative class members' protected interest to choose the type and quality of products they ingest."  Accordingly, this exclusion applies and precludes coverage for Slowinski's Complaint under Coverage B of the Umbrella Policy.

43.     In addition and in the alternative, Coverage B., Exclusion a.(2) of the Umbrella Policy is titled, "Material Published With Knowledge of Falsity," which precludes coverage for personal and advertising injury arising out of oral or written publication of material, "if done by or at the direction of the insured with knowledge of its falsity."  Slowinski's Complaint is premised on allegations that Boston Fish knew the products it sold and labeled as Red Snapper were not in fact Red Snapper.   Accordingly, this exclusion applies and precludes coverage for to Slowinski's Complaint under Coverage B of the Umbrella Policy.

44.     In addition and in the alternative, Coverage B., Exclusion a.(7) of the Umbrella Policy is titled, "Quality or Performance of Goods – Failure to Conform to Statements," which

precludes coverage for personal and advertising injury arising out of "the failure of goods, products or services to conform with any statement of quality or performance made in your 'advertisement.'" Slowinski's Complaint alleges that the fish purchased by Slowinski failed to conform to Boston Fish's label that misidentified its product as Red Snapper when it was a fish of lesser quality than Red Snapper. Accordingly, this exclusion applies and precludes personal and advertising injury coverage for Slowinski's Complaint under Coverage B of the Umbrella Policy.

45. HWIC specifically denies any and all liability under the terms and provisions of the aforementioned Umbrella Policy of insurance issued to Boston Fish and insists that it is not obligated to defend or indemnify any judgment entered against Boston Fish in the Underlying Suit and, by reason of such demand, HWIC is in peril and in danger of loss unless the policies of insurance be properly construed and the rights of all parties hereto determined in this action.

46. An actual controversy exists between HWIC and Boston Fish, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, the plaintiff, HARLEYSVILLE WORCESTER INSURANCE COMPANY, respectfully prays that this Honorable Court:

A. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Harleysville Worcester Commercial Liability Umbrella Policy No. CMB0000004030BE;

B. Declare that Harleysville Worcester owes no duty to defend or indemnify Boston Fish under the Commercial Liability Umbrella Policy in connection with the Underlying Suit;

C. Declare that Harleysville Worcester owes no duty to defend or indemnify Boston Fish under the Commercial Liability Umbrella Policy for the

Underlying Suit, because the umbrella coverage is precluded by the aforementioned exclusions; and

D.   Any and all other relief that this Court deems just and equitable under the facts and circumstances.

HARLEYSVILLE INSURANCE COMPANY and HARLEYSVILLE WORCESTER INSURANCE COMPANY,

By:   /s/ Matthew R. Bloom
        One of Their Attorneys

Kurt Zitzer
Matthew R. Bloom
MEAGHER & GEER, P.L.L.P.
216 N. Jefferson Street, Suite 100
Chicago, Illinois 60661
(312) 463-1045
Attorney No. 6292410
Our File No.:   56597.00281
kzitzer@meagher.com
mbloom@meagher.com